IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYDIA CLEMMONS,<br><br>             Plaintiff,<br><br>   v.<br><br>ACADEMY FOR EDUCATIONAL DEVELOPMENT, et. al,<br><br>             Defendant. | Case No. 1:10-CV-00911 (RC)(AK) |

**DEFENDANT ACADEMY FOR EDUCATIONAL DEVELOPMENT'S EMERGENCY MOTION FOR A PROTECTIVE ORDER TO QUASH THE DEPOSITION SUBPOENA ISSUED ON NON-PARTY JILL RANDELL**

Pursuant to the Federal Rules of Civil Procedure 26, 30 and 45, and this Court's Local Rule 30.1, Defendant Academy for Educational Development ("AED"), by its attorneys, Epstein Becker & Green, P.C., hereby files this Emergency Motion for Protective Order to quash the Notice of Deposition attempted to be served on Jill Randell, a non-party witness.

1. Plaintiff initiated this action by filing a Complaint against Defendant Academy for Educational Development ("AED") with this Court on June 3, 2010. (Docket No. 1.)

2. Discovery in this matter is scheduled to close on August 14, 2013. (*See* Scheduling Order, entered December 13, 2012.)

3. On January 14, 2013, in Plaintiff's Rule 26(a)(1) Initial Disclosures, Jill Randell was identified as an individual who was likely to have discoverable information supporting Plaintiff's claims.

4.     At that time, Plaintiff identified Ms. Randell as an employee of FHI360 residing in Washington, D.C., who "has knowledge of defamatory statements about Dr. Clemmons."

5.     Plaintiff's First Supplemental Rule 26(a)(1) Initial Disclosures, served on January 22, 2013, further provided that: "Ms. Randell has knowledge of defamatory statements about Dr. Clemmons and indicated to Ms. Griffith that Dr. Clemmons is 'not a friend' of AED."

6.     On May 23, 2013, Plaintiff filed an Amended Complaint naming FHI as an additional defendant.  (Docket No. 28.)

7.     On May 17, 2013, Ms. Randell retired from FHI and, therefore, is no longer an employee of Defendant FHI.

8.     On July 29, 2013, Plaintiff's counsel notified Defendants' counsel that it sought to take the deposition of Ms. Randell and sought counsels' thoughts on the deposition.  On July 31, 2013, counsel for AED informed Plaintiff's counsel that Ms. Randell was no longer employed by either Defendant and she did not authorize Defendants to accept service of notice of deposition or subpoena on her behalf.  Counsel for AED further advised Plaintiff's counsel that Ms. Randell was out of town in August for a family vacation and any attempt to seek her deposition was late, considering the discovery deadline expires on August 14, 2013.

9.     Upon information and belief, Plaintiff attempted to serve Ms. Randell with a deposition subpoena at her house on August 1, 2013, which was unsuccessful.  Upon information and belief, Plaintiff did not attempt to re-serve Ms. Randell again through personal service.

10. Instead, on August 5, 2013 at 3:00 pm, Plaintiff's counsel attempted to serve Ms. Randell through Defendants' counsel via e-mail with a Notice of Deposition, setting her deposition for August 7, 2013 at 10:00 am.

11. The deposition notice only provided Ms. Randell with less than 2 days' notice of the deposition.

12. Ms. Randell resides in Maryland and has been within the Court's subpoena power since being identified by Plaintiff in her Initial Disclosures on January 14, 2013.

13. Ms. Randell's travel arrangements in August 2013 are either pre-paid / non-refundable, or not subject to cancellation.

14. Rule 26 provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

15. Rule 45 provides that, "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i) & (iv).

16. The deposition subpoena served on Ms. Randell should be quashed and the deposition should be forbidden because:

    a. The "Notice of Deposition" is not properly served on Defendants, as Ms. Randell is a third party who is not employed by Defendants and not under the custody or control of Defendants.

    b. The "Notice of Deposition" fails to allow a reasonable time to comply – providing less than 48 hours for Ms. Randell to appear;

    c. Requiring that Ms. Randell appear for the deposition on August 7, 2013 would cause her undue burden and expense; an

    d. Plaintiff will not be prejudiced by granting the Protective Order because she had ample time to pursue discovery of Ms. Randell from January 14, 2013 through August 2013, and strategically chose not to do so until the eve of the close discovery.

For the reasons set forth in this motion and the accompanying memorandum of points and authorities, Defendant AED respectfully asks this Court to grant this motion and enter a protective order which quashes the notice of deposition, and prohibits Plaintiff from mandating that Ms. Randell appear for a deposition on August 7, 2013 or August 14, 2013 prior to the close of discovery.

Dated:  August 5, 2013

                                                          Respectfully Submitted,

                                                    /s/ Kara M. Maciel
                                                  Kara M. Maciel, Esq. (#477363)
                                                  Jordan Schwartz, Esq. (#996699)

                                                  EPSTEIN, BECKER & GREEN, P.C.
                                                  1227 25th Street, NW
                                                  Washington, DC 20037-1156
                                                  Tel: (202) 861-5328
                                                  Fax: (202) 861-3028