UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| LYDIA CLEMMONS, | : | | |
|---|---|---|---|
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-cv-911 (RC) |
| | : | | |
| v. | : | Re Document No.: | 43 |
| | : | | |
| ACADEMY FOR EDUCATIONAL DEVELOPMENT, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

This action concerns Plaintiff's claims of racial discrimination in employment. The matter is before the court on Plaintiff's motion for protective order. [Docket No. 43] The matter is briefed and ripe for resolution. For the reasons set forth below, the Plaintiff's motion is granted.

1. Plaintiff produced the final, signed declarations of two third-party witnesses: Cheryl Mayo and Lucy Shillingi. Defendant, Academy for Educational Development ("AED"), took the deposition of Ms. Mayo. Ms. Shillingi is in Uganda and, apparently, unavailable for deposition.

Subsequently, defendant AED subpoenaed documents from Plaintiff's counsel. The subpoena called for, *inter alia*, the production of: drafts of the Mayo and Shillingi declarations; correspondence between Plaintiff's law firm and Mayo or Shillingi; and, the same for other unidentified third-party witnesses. Plaintiff objects to such production on the basis of the work product doctrine. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). The court finds that such materials are protected and need not be produced.

"The work-product doctrine shields materials 'prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" *Judicial Watch, Inc. v. Department of Justice,* 432 F.3d 366, 369 (D.C. Cir. 2005) quoting Fed. R. Civ. P. 26(b)(3). Although the work product doctrine covers an attorney's mental impressions, conclusions, opinions, or legal theories, it also protects factual materials prepared in anticipation of litigation. *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997). Defendant does not challenge that the materials were prepared by counsel or that they were prepared in anticipation of litigation. Instead, Defendant AED argues that the materials are factual, were shared with a third-party witness that counsel does not represent, and are, thus, simply not protected by the work product doctrine. But, although the case law is not unanimous that such materials are covered by the work product doctrine, the more persuasive line of cases find that they are. *See, e.g.*, *Randleman v. Fidelity Nat'l Title Ins. Co.*, 251 F.R.D. 281, 285 (N.D. Ohio 2008) (draft affidavits and communications with counsel relating to affidavits are covered by the attorney work product doctrine); *Tuttle v. Tyco Elec. Installation Servs.*, 2007 WL 4561530, at *2 (S.D. Ohio) ("the work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit."); *see also Inst. For Dev. of Earth Awareness v. PETA*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); 8 WRIGHT, MILLER, MARCUS, §2024, at 510, n. 23 ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule."). And this court agrees.

Moreover, Defendant AED cannot overcome the application of the doctrine because it cannot show that it has substantial need for the requested material to prepare its case and cannot, without undue hardship, obtain its substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). "A draft of a declaration to be executed by a party or witness denotes what a lawyer thinks that party or witness should say and thereby exposes that lawyer's mental processes." *Judicial Watch v. Dep't of Commerce*, 201 F.R.D. 265, 269 (D.D.C. 2001). "[T]o the extent that work product reveals the opinions, judgments, and thought processes of counsel, it receives some higher level of protection, and a party seeking discovery must show extraordinary justification." *Id.* quoting *In re Sealed Case*, 676 F2d 793, 809 (D.C. Cir. 1982); *see also Randleman*, 251 F.R.D. at 287 (opinion work product includes an attorney's mental impressions, conclusions, opinions or legal theories, receives near absolute protection, and can be discovered only in very rare and extraordinary circumstances). Defendant AED has not met this standard.

With respect to the materials concerning Ms. Mayo, Defendant has already taken her deposition. This is all to which it is entitled. *Inst. For Dev. of Earth Awareness*, 272 F.R.D. at 125 (no showing of substantial need because witnesses have been available to be examined at deposition and no other special circumstances exist); *Randleman*, 251 F.R.D. at 286 (no substantial need or undue hardship because plaintiffs can test the credibility of affiants through depositions); *Schipp v. General Motors Corp.*, 457 F.Supp.2d 917, 923-24 (E.D. Ark. 2006) (substantial need not met when party took depositions of witnesses who provided previous statements, and information sought is merely corroborative).[1]

---

[1] Based on the deposition testimony, Defendant suggests some sort of over-reaching by plaintiff's counsel concerning what he had the witnesses testify to in their declarations. But the record on this point is too weak to pursue further.

The materials concerning Ms. Shillingi are a closer call because she is, apparently, unavailable for deposition. However, because Defendant seeks this information for purposes of impeachment of the allegations contained in the final version of the declaration, it has not demonstrated substantial need for these materials either. *McPeek v. Ashcroft*, 202 F.R.D. 332, 339 (D.D.C. 2001) ("Plaintiff wants to see these documents to probe for inconsistencies in the witnesses' testimony between what they said in the draft and what they said in the final version of their affidavits. . . . But, if the desire to impeach a witness with prior inconsistent statements is a sufficient showing of substantial need, the work product privilege would cease to exist; there is not a lawyer born who would not like to see opposing counsel's files in order to search for inconsistencies in opposing witnesses' potential testimony."); *see also 1100 West, LLC v. Red Spot Paint and Varnish Co.*, 2007 WL 2904073, at *3 (S.D. Ind.) quoting *McPeek*.[2]

2. Defendant also challenges the adequacy of Plaintiff's privilege log. Defendant's chief, if not only, complaint concerns Plaintiff's counsel's use of alphanumeric identifiers to differentiate between witnesses without disclosing their identities. But, because Defendant is not entitled to learn the identity of which witnesses Plaintiff's counsel thought important enough to interview or communicate with, this method of alphanumeric identification is appropriate. *See Gerber v. Down East Comm. Hosp.*, 266 F.R.D. 29, 35-36 (D. Maine 2010) ("a party complies with Rule 26(b)(5)(A)(ii) if it describes 'the nature' of a document or communication as an

---

[2] And the draft declarations of, and communications with, any other unidentified potential witnesses for which a final declaration has not been produced are protected even more strongly by the work product doctrine because they would reveal plaintiff's counsel's mental impressions of which witnesses he considered using but decided against. *See also infra* at p. 4.

4

interview with a potential witness, without specifically identifying which witness has just been interviewed."); *see also In re SLM Corp. Sec. Lit.*, 2011 WL 611854, at *1 (S.D.N.Y.).[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order is hereby GRANTED. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 13, 2013                                          RUDOLPH CONTRERAS
                                                                  United States District Judge

---

[3] Of course, to the extent that the witness has discoverable information that plaintiff may use to support her claims or defenses and that witness has not been previously identified in initial disclosures or in response to a discovery request seeking such information, plaintiff must supplement her discovery pursuant to Fed. R., Civ. P. 26(e). *Gerber v. Down East Comm. Hosp.*, 266 F.R.D. 29, 35-36 (D. Maine 2010).

5